UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WAYNE DEMARS HAMILTON,        )
                              )
    Plaintiff,               )
                              )
v.                            )
                              )    CV417-123
NANCY A. BERRYHILL,           )
Acting Commissioner of        )
Social Security,              )
                              )
    Defendant.               )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne Demars Hamilton seeks judicial review of the Social Security Administration's denial of his application for Supplemental Security Income (SSI).

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation

omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2015) (footnote added).

## II. ANALYSIS

Hamilton, who was 40 years old when his SSI claims were denied, alleges disability beginning on April 22, 2009. Tr. 11, 74, 141-44. He has a high school education and past job experience as a carpenter and day laborer. Tr. 172, 331. After a hearing, the ALJ issued an unfavorable decision. Tr. 11-19. He found that Hamilton's cervicalgia, migraine headaches, degenerative disc disease of the cervical and lumbar spine, polyarthopathy, borderline intellectual functioning, cocaine abuse, alcohol abuse, depressive disorder, adjustment disorder, and personality disorder constituted severe impairments but did not meet or medically equal a Listing. Tr. 13-14. The ALJ found that he retained the RFC for medium work[2] except he could only sit for six hours in an eight-hour workday, should not be exposed to unprotected heights and dangerous machinery, and was limited to "simple routine tasks involving no more than simple, work-related decisions with few work place changes." Tr. 15. Plaintiff, he determined, had no past relevant

---

[2] Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds. 20 C.F.R. § 404.1567(c).

work but could perform the requirements of representative work such as dining room attendant, linen room attendant, and food service worker, all medium work with an SVP[3] of 2. Tr. 17-18. Hamilton disagrees, arguing that the ALJ erred in his mental and physical RFC assessments. Doc. 6 at 3 & 5.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the most a claimant can do despite his limitations, SSR[4] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th

---

[3] Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, App. C.

[4] Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

Plaintiff explains that his injuries sustained in a 2009 car accident prevent him from "prolonged standing or sitting" and make "laying down [ ] difficult," such that he must constantly "adjust and reposition" himself throughout the day. Doc. 5 at 6. But the ALJ noted that Hamilton's lasting symptoms from the accident were not disabling: he had told his treating physician that his back pain was only "mild to moderate,"

examinations revealed a normal range of motion, and he has never used an assistive device for ambulation. Tr. 16-17; *see, e.g.,* tr. 315, 321, 324 (noting complaints of moderate to severe pain and tenderness on palpation, but otherwise normal range of motion and normal gait in the months immediately following the car accident) & tr. 318 (normal gait, range of motion, and moderate pain eight months later).

Indeed, his hospital records post-accident reflected a full range of motion and intact strength, tr. 254, an MRI of his cervical spine revealed no acute traumatic injury, only mild to moderate chronic ventral cord flattening at C4-5, tr. 298, and follow-up x-rays were completely normal, tr. 260. An office visit a few weeks after the accident for a persistent cough also noted a normal gate, normal tone, bulk and strength, and *no* tenderness on palpation of the lumbar spine. Tr. 327. Only in 2013 did he begin demonstrating a limp, though again with largely normal range of motion and only moderate complaints of pain. Tr. 310, 358, 411. A 2013 MRI noted only degenerative changes in his cervical spine, contrary to his complaints of disabling neck pain, tr. 408, and examinations in 2015 and 2016 revealed "limited" range of motion and some tenderness, but noted symmetrical, 5/5 strength. Tr. 404 & 440. The medical

6

record simply does not support a greater physical functional restriction than the ALJ's assessed limitation of sitting no more than six hours out of an eight-hour day. Tr. 15; *see also* tr. 68-69 & 84-85 (agency reviewing physicians' opinion that plaintiff could perform requirements of medium work and stand and/or walk and sit six hours out of an eight-hour workday).

Plaintiff argues that his symptoms prevent him from "prolonged standing or sitting" and require constant "adjust[ment] and reposition[ing]" throughout the day, indicating that he simply cannot sit for six hours straight. Doc. 5 at 6; *see* tr. 48, 181, & 191. But the ALJ found plaintiff's subjective pain testimony less than credible based on his poor work history "even prior to his onset date," *see* tr. 164 (he had not worked since quitting or being laid off in 2008), his criminal history, *see* tr. 332 (admitting to multiple drug charges and one charge of "False Statements, for which he served two years in prison."), and his inconsistent reports of pain to treating sources. Tr. 15. These factors impugned plaintiff's credibility, and the ALJ permissibly discounted his self-reported pain testimony that "all he does is sleep and eat" and that "he can barely function." *Id.*; *see Orn v. Astrue*, 495 F.3d 625, 636 (9th

7

Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."), quoted in *Perez Guerrero v. Colvin*, 2016 WL 4807953 at *6 (S.D. Fla. Mar. 23, 2016).

Plaintiff also contends that medication makes him sleepy and he has difficulty concentrating due to his pain, doc. 5 at 6; *see also* tr. 39 & 189, and that his social skills have deteriorated to the point where he cannot work, doc. 6 at 3 & 5.  But he does not explain how these allegations, even if credited, are not captured by the ALJ's restriction to "simple routine tasks involving no more than simple, work-related decisions with few work place changes."  Tr. 15.  Further, they are contradicted by the record.  Plaintiff self-reported his ability to follow written and spoken instructions and get along with authority figures as "good."  Tr. 185-86.  He watches quite a bit of television, takes public transportation, lives with family, and socializes "often" by chatting on the phone.  Tr. 34, 180, 184, 332, & 333.  His only social limitation appears to be a general feeling of malaise and worthlessness.  Tr. 333.

8

Further, the ALJ specifically credited and accommodated Dr. Raymond Schoenrock's endorsed limitations that Hamilton was antisocial and that his capacity for sustained concentration, persistence, and adaptation were impaired by his symptoms. Tr. 17; *see* 331-35. He likewise accommodated Dr. Schoenrock's opinion that plaintiff "possessed adequate capacity in the areas of understanding, remembering, and interacting with others" and his WAIS-IV intellectual functions testing (revealing a full scale IQ score of 75, within the borderline intellectual functioning range) in his limitation to simple, routine tasks. Tr. 17; *see* 331-35; *see also* tr. 70-71 & 86-87 (agency reviewing physicians' opinion that plaintiff could understand, remember, and sustain concentration for simple instructions and would have only a "reduced" ability to adjust to changes in the workplace). Plaintiff points to nothing in the record that indicates otherwise.

Diagnoses alone do not prove inability to work, *Moore*, 405 F.3d at 1213 n. 6; 20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(iv) (severe health problems must preclude substantial gainful activity, not simply exist), and the mere fact that an impairment is considered "severe" at Step 2 does not oblige any particular functional restriction at Step 4.

Ultimately, plaintiff bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a) (the burden is on the claimant to "furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (the claimant "must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"). And plaintiff has not met his burden.

## III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __30th__ day of March, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA